IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY A. RICE | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PJM-07-1682 |
| WASHINGTON COUNTY CIRCUIT COURT | * | |
| Defendant. | * | |
| | *** | |

**MEMORANDUM OPINION**

On June 22, 2007, this Court received a letter petition from Gregory A. Rice ("Rice"), a Maryland inmate confined at the Eastern Correctional Institution, complaining about the competency of a state circuit court judge and a "fraudulent" state court system. Paper No. 1. The missive was construed as a mandamus petition filed pursuant to 28 U.S.C. § 1361. Because this Court finds no basis to take jurisdiction over the matter, the case shall be summarily dismissed pursuant to Fed. R. Civ. 12(h)(3).

According to the judicial docket for the Maryland courts, Rice was charged with various counts of armed robbery, robbery, and theft. *See State of Maryland v. Rice*, Criminal No. 21K06037349 (Cir. Ct. for Washington County). It appears that on November 30, 2006, he was convicted of conspiracy to commit armed robbery and sentenced to twelve years. The docket shows that an appeal was filed and that Rice also filed a motion for modification and petitions for mandamus and for coram nobis in the Circuit Court for Washington County. In addition, a petition for post-conviction relief was apparently received for filing in the Circuit Court on or about July 16, 2007.

As currently pleaded, Plaintiff seeks appellate review in this Court of the orders and judgments of the state circuit and appellate courts pertaining to his criminal case. He appears to contend that those orders and/or judgments were entered in spite of legal points and authorities

which support his arguments. This is a court of limited jurisdiction. It lacks appellate jurisdiction over its state counterpart under the *Rooker-Feldman* doctrine.[1] *See* 28 U.S.C. § 1257.

Further, to the extent that Rice seeks federal court intervention to compel the state courts to rule in his favor and order his release, this Court has no authority to so do. As previously indicated, his letter was construed as a 28 U.S.C. § 1361 petition for mandamus relief. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. This Court does not have jurisdiction over Maryland courts in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). The Petition shall be denied.[2] A separate order follows.


Date: 7/18/2007                                                /s/
                                                      PETER J. MESSITTE
                                                   UNITED STATES DISTRICT JUDGE

---

[1]  The Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) held that a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only federal court that may review a state court's judicial decisions. *See* 28 U.S.C. § 1257(a).

[2]  Rice is not without recourse in this Court. He may file a timely federal habeas corpus challenge to his conviction under 28 U.S.C. § 2254 after exhausting his state court remedies. The appropriate forms may be requested from the Clerk's Office.